RICHARD L. HOLMES, Retired Appellate Judge.
This is a child support modification ease.
The parties were divorced in October 1986. Under the terms of an agreement executed by the parties and adopted by the trial court, Myra Jane Moore (mother) was awarded custody of the two minor children. Melvin Chester Moore (father) agreed to pay $700 per month in child support, to provide hospitalization insurance for the benefit of the minor children, and to cover medical expenses for the minor children.
In November 1989 the father filed a petition, wherein he requested that his child support payments be reduced due to a material change in circumstances. In an order dated April 16, 1990, the trial court determined that the father should pay $240 per month in child support. The order also provided that when the older child became 19 years old, the amount of child support would be “modified in accordance with child support guidelines and upon motion of the attorney for [the father].”
In August 1993 the father filed a petition to modify, alleging that the older child reached the age of nineteen on October 15, 1992 (the older child’s nineteenth birthday was October 15, 1991), and that a material change in circumstances had occurred when the older child reached the age of nineteen. The father stated in his petition that he had reduced the amount of child support to $140 per month when the older child reached the age of nineteen. The father requested that the trial court calculate the amount of child support payable after the material change in circumstances and adjudicate the amount retroactive to the time that the older child became nineteen years old.
The mother filed an answer and a counterclaim for contempt. The mother alleged that the father was $2,800 in arrears in his child support payments. The mother also alleged that the father had failed to pay $302.70 in medical expenses and $53.87 in prescription drug expenses and that the trial court should impute a reasonable wage for the father because he was presently underemployed.
After a hearing the trial court issued an order, dated November 16, 1993, wherein it found that the father was in arrears in the amount of $553 for the period of October 15, 1991, through November 1993. The trial court ordered the father to pay an additional $93 per month until the $553 arrearage had been paid. The trial court determined that beginning December 1, 1993, the father’s child support obligation would be $66 per month until the younger child becomes nineteen years old.
Both parties filed post-judgment motions, which were denied. Thereafter, the father filed a motion for relief, wherein he alleged that his employer continued to withhold $240 per month under the old court order through February 1994 and that beginning in March 1994, his employer began withholding $66 per month in child support, plus $93 per month for the arrearage, pursuant to the November 16, 1993, order. The father also alleged that the parties’ child lived with the father for a six-week period during which the father’s employer continued to withhold child support.
The mother filed a response to the motion for relief and another post-judgment motion, wherein she requested that the trial court recalculate the amount of child support payable under the guidelines of Rule 32, A.R.J.A., as it read before October 4, 1993.
In April 1994 the trial court issued an order, wherein it found that the entire ar-rearage had been paid to the mother and that the mother had been overpaid $155. The trial court ordered that the father be reimbursed $155. The mother’s post-judgment motion was denied.
The mother filed a motion to set aside or, in the alternative, a motion for a new trial, which was denied.
*935 The mother appeals. The father has failed to favor this court with a brief on appeal.
On appeal the mother contends that the trial court committed reversible error because, she says, the child support guidelines used to calculate the amount of child support payable were not in effect when the father filed his petition to modify.
We find the following pertinent statements in the preface to the amended Rule 32:
“This rule, as amended effective October 4, 1993, shall apply to all new actions filed or proceedings instituted on or after October 4, 1993. Any action or proceedings instituted before October J, 199S, shall be governed by Rule 32 as it read before October h, 1993.”
(Emphasis added.)
As previously noted, the father’s petition to modify was filed in August 1993. Although the trial court issued its order in November 1993, the proceedings were instituted before October 4, 1993, and should have been “governed by Rule 32 as it read before October 4, 1993.” Consequently, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
The mother additionally urges error in the trial court’s calculation of the amount of child support arrearage due and the amount of child support arrearage actually paid by the father.
The record before this court is not a paragon of clarity regarding this alleged error. As indicated, the trial court’s judgment is due to be reversed and the case remanded to the trial court for further proceedings. We would urge the trial court to recalculate the amount of child support arrearage due and the amount of child support arrearage actually paid by the father to ensure that no error was made in the calculations.
For the reasons stated above, the judgment of the trial court is due to be reversed and the cause remanded for proceedings consistent with this opinion.
In her final issue the mother contends that the trial court erred when it failed to allow her instead of the father to provide the medical and dental coverage for the parties’ minor child. We cannot place the trial court in error for declining to grant the request.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.